FILED - GR
June 1, 2010 11:28 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__aid__/_____ SCANNED BY___/___

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY<br>SERVICES, INC.,<br><br>        Defendant. | 1:10-cv-517<br><br>Janet T. Neff<br>U.S. District Judge |

## COMPLAINT

NOW COMES the Plaintiff, STEVEN TAYLOR, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. STEVEN TAYLOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hersey, County of Osceola, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Chase.

1

6. The debt that Plaintiff allegedly owed Chase was for a residential mortgage and/or for a credit card, charges on which were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FINANCIAL RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Minnesota.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around March 2010, Plaintiff received multiple telephone calls from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

15. On or about April 5, 2010, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Defendant's duly authorized representative who stated it was attempting to collect a debt allegedly owed by Plaintiff.

16. During the aforementioned telephone call, Plaintiff informed Defendant that he was unable to pay the debt he allegedly owed because he was unemployed and the only income he and his wife were receiving was from his wife's long-term disability payments. Plaintiff informed Defendant that the majority of their income was currently being used to pay for costs associated with Plaintiff's wife's medical treatment as she was receiving treatment for cancer.

17. In response to Plaintiff's statements, Defendant stated that Plaintiff could not "rack up" debts and then refuse to pay them. Defendant further stated it did not care if Plaintiff's income was being used for his wife's cancer treatment, Plaintiff still had to pay the debt he owed to Chase.

18. During the course of the aforementioned telephone call, Plaintiff requested that Defendant provide its mailing address so that Plaintiff could send a cease and desist letter to Defendant.

19. In response, Defendant provided the requested information; however, it informed Plaintiff that "sending a cease and desist letter to put the matter out of sight, out of mind would be useless." Defendant told Plaintiff that it would be informing its client that Plaintiff refused to pay the debt and that it was going to mark Plaintiff's file to reflect that Plaintiff refused to pay the debt.

20. Defendant told Plaintiff it was going to send Plaintiff's file to its attorneys for further legal action to be taken against Plaintiff.

21. Combined, Defendant's statements as delineated above, had the effect of conveying to an unsophisticated consumer that Defendant would send out Plaintiff's file to its attorneys so that a lawsuit could be filed against Plaintiff.

22. Neither Defendant nor its attorneys have filed a lawsuit against Plaintiff.

23. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of having a lawsuit filed against Plaintiff.

24. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to instruct its attorneys to prepare and file a lawsuit against Plaintiff.

25. Defendant's statements during the course of its telephone call with Plaintiff were neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

26. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed Chase.

27. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

29. In its attempts to collect the debt allegedly owed by Plaintiff to Chase, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVEN TAYLOR, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
STEVEN TAYLOR

By: *[signature]*
David M. Marco
Attorney for Plaintiff

Dated: May 28, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us